GAONA LAW FIRM
A PROFESSIONAL CORPORATION
3101 NORTH CENTRAL AVE, SUITE 720
PHOENIX, ARIZONA 85012

(602) 230-2636  Fax (602) 230-1377
david@gaonalaw.com; docket@gaonalaw.com

David F. Gaona, State Bar No. 007391
Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID KHALAJ and JULIET DAVID YOUMARAN,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Pursuant to the Federal Torts Claim Act)** |

Plaintiffs David Khalaj and Juliet David Youmaran, for their Complaint against the Defendant, allege as follows:

1. At all relevant times, Plaintiffs David Khalaj and Juliet David Youmaran were husband and wife, United States citizens and residents of the State of Arizona.

2. At all relevant times, the Defendant, United States of America, acted through its agency, United States Customs and Border Protection.

3. This action is brought pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 2671 *et. seq.* against the United States of America. Exclusive subject matter jurisdiction of Federal Torts Claim litigation is veted in the Federal District Court. 28 U.S.C. § 1346(b).

4. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2) because the United States is a Defendant.

5. This is a personal injury action claim for damages arising out of injuries to the Plaintiffs arising out of the actions of the United States Customs and Border Protection agency's employees/officers, occurring the afternoon of January 1, 2016 within the "customs" area of Sky Harbor International Airport in Phoenix, Arizona. At that time, the Plaintiffs, traveling with their ten-year-old son and seventeen-year-old daughter, were returning from a holiday vacation in Puerto Vallarta, Mexico, had landed at Sky Harbor Airport and had cleared "customs", but remained in the area of the airport staffed by Customs and Border Protection employees and officers. During their time in the customs area of the Sky Harbor International Airport, Plaintiffs were illegally assaulted, detained and imprisoned, resulting in their injuries.

6. This case is brought against the United States of America pursuant to 28 U.S.C. § 2671, *et. seq.*, commonly referred to as the "Federal Torts Claim Act". Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the negligence, wrongful acts and/or omissions of employees/officers of the United States of America acting through its agency, United States Customs and Border Protection. These employees/officers were acting within the course and scope of their office of employment,

under circumstances where the United States of America, as a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Arizona.

7. Pursuant to 28 U.S.C. § 2675, the Plaintiffs' claims were presented to the appropriate agency of Defendant, United States of America, namely, United States Customs and Border Protection on June 28, 2017. The United States has failed to respond and thus, on December 26, 2017, the claims were deemed denied by operation of law.

## GENERAL ALLEGATIONS

8. Plaintiffs incorporate by this reference each and every allegation as set forth in paragraphs 1-7 above, as if fully set forth herein.

9. On January 1, 2016, at approximately 4:00 p.m., the Plaintiffs, with their two minor children, returned to Sky Harbor International Airport from Puerto Vallarta, Mexico. Following deplaning on that day, and after proceeding through immigration (customs), Plaintiff Khalaj was feeling light headed. Ascribing the feelings to low blood sugar, and feeling hungry, Mr. Khalaj proceeded ahead of his family and wanted to proceed out of the designated customs area to purchase a snack. As he sought to leave the area, he was told that he could not pass through without his passport, although he had already "cleared" customs. Mr. Khalaj then returned to where his family was located, obtained his passport and both he and Plaintiff Juliet David Youmaran, approached the checkpoint/location of officers so that Mr. Khalaj could depart the area and obtain some food.

10. Rather than allow Mr. Khalaj to exit the customs area, a Customs and Border Protection employee/officer informed Mr. Khalaj that he could not exit and he would need to

wait for his entire family before he could exit, although he had previously "cleared" customs and had his passport, informing the Customs and Border Protection employee/officer that he needed sustenance because his blood sugar levels were low.

11. At that point, the Customs and Border Protection employee/officer contacted a supervisor who then appeared on the scene.  The supervisor was informed that Mr. Khalaj was diabetic and that he needed to proceed out of the checkpoint ahead of his family, whereupon they were informed again that neither could proceed without the entirety of their family being present.  When Mr. Khalaj began questioning that decision, additional employees/officers of Customs and Border Patrol surrounded him, and commenced taking offensive action.  At no time did Mr. Khalaj take any aggressive or provocative action against the officers, or attempt to leave, all he did was question why he was not permitted to leave the area, yet, the Customs and Border Protection employees were taking aggressive stances, ultimately grabbing him for no reason, without consent and without provocation.  Mr. Khalaj, not understanding why the Customs and Border Protection employees/officers were acting so aggressively, asked the officers to stop touching him, leading the officers to grab him even more aggressively, forcing him into a chair where he was detained.

12. At or about that same time, Plaintiff Juliet David Youmaran, noting the manner in which the Customs and Border Protection employees/officers were treating her husband, reacted and tried to prevent them from assaulting and detaining her husband, whereupon aggressive action was taken by those same officers against her and she was then handcuffed and detained.

13. Thereafter, Plaintiffs were transported, without their consent and without reason, in handcuffs, to holding cells.

14. All the while, Customs and Border Protection employees/officers, beyond their physical assault on the Plaintiffs, were engaged in continuous verbal assault, questioning the citizenship of the Plaintiffs (both American citizens), making fun of them based on their heritage and culture (both of the Plaintiffs were born in Iran), placing Plaintiffs in greater fear of what was next.

15. Ultimately, the Customs and Border Protection employees contacted the City of Phoenix Police Department on site at the Sky Harbor International Airport, who then appeared at the holding cell.  All the while, the minor children of the Plaintiffs were in the same vicinity, saw what was occurring to their parents, and yelling at the Customs and Border Protection officers to let their parents go and cease and desist from their aggressive and assaulting behavior.

16. Later, supervisory personnel of the Customs and Border Protection agency at Sky Harbor, reviewed footage from cameras within the Customs area, spoke to an Assistant U.S. attorney, learned that prosecution would not be pursued and the Plaintiffs were then released to the City of Phoenix Police Department officers on site.

17. At all times, the Customs and Border Protection agency officers who came into contact with Plaintiffs, physically and verbally, were, consistent with Agency mandate, federal law enforcement officers empowered to exercise authority and perform law enforcement duties.

/ / /

/ / /

## FIRST CAUSE OF ACTION

## ASSAULT AND BATTERY

18. Plaintiffs incorporate by this reference all of their allegations contained in paragraphs 1-17 above, as if fully set forth herein.

19. Employees/officers associated with the United States Customs and Border Protection agency, engaged in harmful or offensive contact with each Plaintiff, David Khalaj and Juliet David Youmaran, all with the intent to cause each Plaintiff to suffer such illegal contact and apprehension.

20. Employees/officers of the United States Custom and Border Protection agency intentionally caused harmful or offensive physical contact with both Plaintiffs, David Khalaj and Juliet David Youmaran, none of which was invited, authorized, consented to by either Plaintiff, and was harmful and offensive. The contact to each Plaintiff was such that it would offend the reasonable sense of personal dignity of each Plaintiff, and would offend the reasonable sense of personal dignity of reasonable people.

21. Multiple incidences of battery and assault occurred when employees/officers of the United States Customs and Border Protection agency without provocation, first grabbed and restrained, unnecessarily, Plaintiff David Khalaj, and later handcuffing Plaintiff David Khalaj and then grabbing him, pushing him and hitting him into a holding cell, as well as moving him, aggressively, from the holding cell to a restroom and back.

22. Additional instances of assault and battery were committed upon Plaintiff Juliet David Youmaran by employees/officers of the United States Customs and Border Protection agency when she, in an attempt to protect her husband who she knew was only trying to seek an

opportunity to leave the premises and obtain some food and then was assaulted without provocation or consent, attempted to assist her husband leading to employees/officers from the United States Customs and Border Protection agency engaging in assault and battery on her, offensive conduct to which she neither consented directly or by implication, including hitting her one or more times and causing injuries from which she still suffers.

23. The act of employees/officers of the United States Customs and Border Protection agency, constituting assault and battery, proximately caused injuries to Plaintiffs David Khalaj and Juliet David Youmaran for which they seek damages in an amount to be proven at trial.

## SECOND CLAIM

## ILLEGAL DETAINMENT AND IMPRISONMENT

24. Plaintiffs incorporate by this reference, as if fully set forth herein, all of their allegations set forth in paragraph 1-23 above.

25. Employees/officers of the United States Customs and Border Protection agency, acted intentionally to illegally restrain and detain each of the Plaintiffs, David Khalaj and Juliet David Youmaran, to an area within their control, the customs area of the Phoenix Sky Harbor International Airport.  In doing so, the United States Customs and Border Protection agency's officers acted without lawful authority and without either of the Plaintiffs consent, resulting in direct restraint of each of the Plaintiffs liberties or freedom of movement, by both actual force and from Plaintiffs fear of force and additional force.  All of the acts of the United States Customs and Border Protection agency's officers would have caused a reasonably prudent person in the same situation as each of the Plaintiffs to believe that he or she was being

detained and restrained without consent, and, each of the Plaintiffs suffered injury and harm as a result of the unlawful and nonconsensual restraint and detention that lasted for numerous hours.

26. As a direct and proximate result of the Plaintiffs false imprisonment and restraint, each of the Plaintiffs, David Khalaj and Juliet David Youmaran, suffered and continue to suffer injuries, all in an amount to be proven at trial.

27. In addition to the physical restraint upon each of the Plaintiffs, each of the Plaintiffs were subjected to name calling and racial epithets, once the officers of the United States Customs and Border Protection agency determined that the Plaintiffs were born in Iran.  Such name calling and racial epithets furthered the Plaintiffs fear of even additional force by the United States Customs and Border Protection agency's officers who already were improperly, illegally and without consent, restraining each of the Plaintiffs, causing them injury and harm.

### THIRD CLAIM

### NEGLIGENCE

28. Plaintiffs incorporate by this reference, as if fully set forth herein, all of their allegations set forth in paragraph 1-27 above.

29. For all material times, the United States Customs and Border Protection agency officers were federal law enforcement officers empowered to exercise authority and perform the duties provided by federal law and the Department of Homeland Security regulations.  As such, and in the exercise of those duties, obligations and powers, each officer possesses duties of reasonable care consistent with their knowledge, intelligence and judgment that society requires of its members for the protection of their own interests and the interests of others,

including conduct of a reasonably prudent person under the circumstances. At no time were the Plaintiffs a risk to the Defendant officers. As such, the conduct of the officers was negligent as their conduct caused an invasion of the Plaintiffs' interests that was unreasonable and unnecessary. In that regard, Defendant officers breached their duty to the Plaintiffs, causing each of the Plaintiffs injuries. The breach of the Defendant officer's duty was a proximate cause of the Plaintiffs injuries for which the Defendant is responsible.

30. As a proximate cause of the Defendant officers' negligence, to which Defendant is responsible, Plaintiffs and each of them, has suffered damages, including physical injuries for which they have incurred medical costs and will continue to incur medical costs in the future, emotional injury for which they have incurred health care costs and will continue to incur health care costs into the future, general damages inclusive of pain and suffering, loss of consortium and loss of enjoyment of life damages. In addition, Plaintiffs have suffered loss of reputation and business injury, all of which will be proven at trial.

WHEREFORE, Plaintiffs request that judgment be entered against the Defendant, the United States of America, for the acts of the United States Customs and Border Protection Agency, for all of their inappropriate, non-consensual, illegal and tortious actions and that Judgment be entered against the United States in such amounts to reasonably compensate each of the Plaintiffs, David Khalaj and Juliet David Youmaran, for the illegal, improper, non-consensual and tortious conduct engaged by the United States, through its agency, the United States Customs and Border Protection, all in amounts to be proven at trial, including damages for physical injuries, all health care expenses incurred and to be incurred in the future, pain and suffering, emotional distress, loss of consortium, enjoyment of life, loss of

reputation, loss of companionship and affection of society and moral support, all in amounts to be proven at trial; and, for such other and further and appropriate relief deemed appropriate and just in the circumstances.

DATED this 29th day of December, 2017.

                    GAONA LAW FIRM

                    /s/ David F. Gaona
                  David F. Gaona
                  3101 North Central Avenue, Suite 720
                  Phoenix, Arizona 85012
                  Attorneys for Plaintiffs
                    David Khalaj and Juliet David Youmaran

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2017, I electronically transmitted the attached Complaint to Clerk's Office using the CM/ECF System for filing

/s/ Barbara J. Kuhns